CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 30 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. NELSON,<br>Plaintiff, | )<br>)<br>)<br>) | Civil Action No. 7:07cv00149<br><br>**MEMORANDUM OPINION** |
| | ) | |
| LT. ANDERSON, et al.,<br>Defendants. | )<br>) | By: Glen E. Conrad<br>United States District Judge |

Plaintiff Christopher D. Nelson, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, alleging that the defendants, officers at Wallens Ridge State Prison ("WRSP"), violated his constitutional rights by informing him that "by drawing on [his] eyebrows[, he] waves the banner of [his] homosexuality" and advising him that doing so is "not acceptable." Plaintiff alleges that defendants further violated his constitutional rights by threatening to place him in the segregated housing unit if he did not comply with their requests that he not draw his eyebrows. Plaintiff seeks damages in the amount of $7,000,000.00, a reassessment of the "suitability of security staff," and a "restraining order barring institutional discipline for implementing sanctions for discriminatory motives." The court finds that Nelson's complaint fails to state a claim upon which the court may grant relief. Therefore, the court will dismiss the suit pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Plaintiff states that

[t]he defendants herein (Anderson and Peters) on their own accord advised that "by drawing on my eyebrows it waves the banner of my homosexuality, and it's not acceptable." [sic] Defendant Peters further advised that the Warden (Watson, B)[,] Assistant Warden (Harvey, A)[, and] Major of Security (Combs) would "back" him up. DOP[*] 864 does not affirm these claims by the defendants; [sic] To [sic] include,

---

\* Plaintiff does not further identify "DOP 864."

[sic] a threat of "being placed <u>back</u> in seg."

The crux of plaintiff's complaint is that WSRP staff have threatened him with placement in the segregated housing unit if he insists on wearing drawn-on eyebrows because WSRP staff feel that doing so advertises plaintiff's homosexuality. In plaintiff's view, this constitutes "an abridgement of rights" on the basis of his sexual orientation. Plaintiff has not provided exact dates or proof that he has exhausted WRSP's administrative remedies. Nonetheless, he has provided sufficient facts for the court to determine that he has failed to state a claim upon which relief can be granted.

## II.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

Plaintiff has not made any showing that a constitutional right has been violated. The conduct of WRSP staff in not allowing Nelson to wear drawn-on eyebrows does not rise to the level of a federal constitutional violation. When a defendant is lawfully convicted and confined to jail, he loses a significant interest in his liberty for the period of the sentence. <u>Gaston v. Taylor</u>, 946 F.2d 340, 343 (4th Cir. 1991). Such confinement is necessarily subject to the broad discretion of those parties managing the jail. <u>Id</u>. However, the confinement does not strip the inmate of all of his liberty

interests. Id. "These interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Nonetheless, functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Gaston, 946 F.2d at 343.

In this case, plaintiff fails to allege facts indicating that he has been deprived of any federally protected liberty interest without due process. The prison's policy prohibiting plaintiff from wearing drawn-on eyebrows does not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. In light of the penological interests at issue here, the court finds the prison's policy of not allowing plaintiff to wear drawn-on eyebrows reasonable. See Veney v. Wyche, 293 F.3d 726, 732-35 (4th Cir. 2002) (reasoning that prison officials' concerns about sexual activity between inmates, sexually transmitted disease, bias-motivated attacks, and sexual assaults supported its holdings that segregation of homosexual, male inmates was based on legitimate penological interests; that gender-related disparate treatment in housing of homosexuals was rationally calibrated to address legitimate penological concerns; and that the absence of ready alternatives was evidence of reasonableness of prison regulation segregating homosexual, male inmates).

### III.

Based on the foregoing, the court finds that plaintiff has not presented any claims on which relief can be granted. Therefore, the court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

ENTER: This 30th day of March, 2007.

/s/ Jerk Conrad
United States District Judge